IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEVE GREEN, PRO SE, | § | |
| also known as | § | |
| STEVE O'NEAL GREEN, | § | |
| TDCJ-CID No. 1436873, | § | |
| Previous TDCJ-CID No. 1153675, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:09-CV-0147 |
| | § | |
| Unit Health Authority DR. NFN REVEL, | § | |
| Classification Chief M. HOLLIGAN, | § | |
| Senior Warden NFN ADAMS, | § | |
| and Assistant Warden NFN BAKER, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff STEVE GREEN, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff alleges that he was erroneously classified and celled with a cellmate who weighed about a hundred pounds more than he did. Plaintiff says he was later raped by his cellmate and that, although he was told a criminal case was opened by the O.I.G, no police or freeworld persons interviewed him or represented him. Plaintiff alleges he was examined by a nurse after the rape, but complains that, after noting the absence of blood or torn tissue in the area and taking photographs, the nurse quit examining him at the escorting officer's request when plaintiff was unable to answer certain questions about the alleged rape. Plaintiff complains

he did not get an AIDS test until after his transfer to another unit[1]. Plaintiff further complains that, in a Unit Classification Committee hearing subsequent to the rape, defendant BAKER stated, "I think you where [sic] haveing [sic] sex with said inmate Dale and when he did something you did not like you told on him." Plaintiff claims that statement caused him mental anguish, physical pain, "to walk impairment and disfigurement, diarrha nausea cramps, headaches I continued suffering unto this day loss of memory and trouble concentrating [sic et passim][2]."

For relief, plaintiff says he wants justice, doesn't want this to happen to anyone else and that he wants to speak with the police or the Clerk and the Judge.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[3], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.

---

[1]Following the rape, plaintiff was transferred first to the Neal Unit and then to the Montford Unit.

[2]See handwritten page 2 of Memorandum attached to Questionnaire filed July 6, 2009.

[3]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[4].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

From a legal standpoint, plaintiff's request for relief is not a model of clarity. To the extent any of the relief plaintiff requests involves an investigation of the incident and/or the prosecution of his alleged rapist, the Court notes it is not an investigative body, and cannot order a non-party to conduct an investigation. Neither a criminal investigation nor a criminal prosecution is a relief available through a civil action. *Cf. Jones v. Conway*, No. Civ.A. 92-3883, 1992 WL 185578, at *1 (E.D.Pa. July 21, 1992)(holding that bringing criminal charges against a defendant is not an available relief under section 1983). "Criminal statutes can neither be enforced by civil action nor by private parties." *Hassell v. U.S.*, 203 F.R.D. 241, 244, (N.D.Tex. 1999)(citing *Kennan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964); see, *United States v. Claflin*, 97 U.S. 546, 24 L.Ed. 1082 (1989)). There is no constitutional right to have a person criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Therefore, to the extent a criminal investigation and/or prosecution are part of plaintiff's requested relief, the claim is

---

[4]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

3

without an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The Court assumes plaintiff seeks vindication through a civil rights trial as well and, therefore, will continue its analysis of plaintiff's claims.

The Eighth Amendment's proscription against cruel and unusual punishment requires prison officials to protect inmates from violent attacks by other inmates. *Farmer v. Brennan,* 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). However, not every injury "suffered by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834, 114 S.Ct. 1970.

Liability for an Eighth Amendment deprivation requires the same delinquency in denial of protection against harm from other inmates as it does for denial of medical care, *Johnston v. Lucas*, 786 F.2d at 1259; thus, there must be an allegation of facts which will support deliberate indifference on the part of officials, *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The plaintiff prisoner must prove: (1) he is incarcerated under conditions "posing a substantial risk of serious harm," and (2) that the defendant prison official's state of mind is one of "deliberate indifference" to the prisoner's health or safety. *Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir. 1995); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

The appropriate definition of "deliberate indifference" under the Eighth Amendment is "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Reeves v. Collins*, 27 F.3d. 174 (5th Cir. 1994).

In this regard the Supreme Court has cautioned:

> [A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. at 837-38, 114 S.Ct. at 1979.  It is only under exceptional circumstances that a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk.

Further, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause of commendation, cannot under our cases be condemned as infliction of punishment." *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811, 823 (1994).

Plaintiff's July 6, 2009 Response to the Court's June 30, 2009 Briefing Order, does little to explain plaintiff's claims.  Plaintiff has stated defendant HOLLIGAN is chief of classification and, when asked to list factual support for his contention, if any, that she intentionally or knowingly mis-classified him, plaintiff responded it was her job to classify people properly[5].  Plaintiff further alleges defendant HOLLIGAN was put on notice that there was a problem when, one week before the rape, Officer Maxie took inmate Dale out of plaintiff's cell, walked him to his Sgt., and reported he had heard inmate Dale tell plaintiff that Dale would kill plaintiff if plaintiff told on him for anything he may do while being plaintiff's cellmate[6].

Plaintiff argues that incident put all the staff "on notice," including all officers.

---

[5] Plaintiff's July 6, 2009 response to Question No. 1 of the Court's Questionnaire.

[6] Marginalia to plaintiff's July 6, 2009 response to Question No. 1 of the Court's Questionnaire.

A prisoner alleging an Eighth Amendment violation need not show that prison officials believed that harm would actually occur. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. at 842, 114 S.Ct. at 1970. A prison official's knowledge of the risk "can be proven through circumstantial evidence, such as by showing that the risk was so obvious that the official must have known about it." *Johnson v. Johnson,* 385 F.3d 503, 524 (5th Cir.2004).

Nothing in plaintiff's allegations indicate defendant HOLLIGAN had personal knowledge of the weight disparity between himself and his cellmate or that plaintiff's cellmate had threatened him. In short, plaintiff has failed to allege facts showing defendant HOLLIGAN knew he was in substantial danger of serious injury from his cellmate and was deliberately indifferent to that danger.

Plaintiff attempts to impute knowledge to defendant HOLLIGAN of inmate Dale's threat; however, he has only shown some unnamed Sergeant knew of the threat, not defendant HOLLIGAN. Section 1983 does not create supervisory or *respondeat superior* liability; an award is not supported under any theory of vicarious liability. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). "Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under section 1983." *Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999).

At most, given his allegation that he should not have been celled with inmate Dale because of the weight disparity, plaintiff may have alleged a claim of negligence, if even that. Nevertheless, section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir.

6

1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs).  Plaintiff has failed to state a claim against defendant HOLLIGAN on which relief can be granted.

Plaintiff sues defendant Assistant Warden BAKER for failing to protect him.  Plaintiff's only factual allegation against defendant BAKER is that, after the rape, he called plaintiff a male prostitute.  More specifically, plaintiff alleges that, in a Unit Classification Committee hearing subsequent to the rape, defendant BAKER stated, "I think you where [sic] haveing [sic] sex with said inmate Dale and when he did something you did not like you told on him."  The statement plaintiff attributes to defendant BAKER, if true, might arguably display an absence of empathy for plaintiff's pain and fear, but it does not show deliberate indifference to known facts indicating substantial danger to plaintiff.  Deliberate indifference is not displayed by a failure to sympathize with an inmate after he has been attacked; it is displayed by a failure to take reasonable steps before an attack when an inference has been reached by the prison official that the facts known to him or her indicate there is a substantial danger to an inmate's safety.  Plaintiff points to no act or omission by defendant BAKER which constituted such deliberate indifference.

Plaintiff's only allegation against defendant Senior Warden ADAMS is that he "knew about injury, negated."  This sentence fragment appears to be an attempt to alleged defendant ADAMS knew of the incident after it occurred and did not take action which plaintiff considered satisfactory; however, plaintiff does not state what ADAMS failed to do or how he was harmed by such omission, if there was one.  A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights,

7

or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no fact showing personal involvement or showing any causal connection between ADAMS' acts or omissions and any constitutional violation. By his allegation against defendant ADAMS, plaintiff has failed to state a claim on which relief can be granted.

Plaintiff has sued defendant Dr. REVEL whom he identifies as "over Health and Medical. Plaintiff claims defendant Dr. REVEL "denied medical exam after rape" and "intill [sic] new and different information materializes . . . for negligence."

Plaintiff's factual allegations do not place defendant Dr. REVEL in the exam room at the time of the exam. Instead, plaintiff has alleged that he was examined by a nurse after the rape, but that, after noting the absence of blood or torn tissue in the area and taking photographs, the nurse quit examining him, at the escorting officer's request, when plaintiff was unable to answer certain questions about the alleged rape. To the extent plaintiff feels defendant Dr. REVEL should have overruled this decision, plaintiff does not allege how defendant REVEL knew of it. Again, plaintiff appears to be depending on the defendant's supervisory position to support a claim of liability against him; however, as explained previously, without an allegation of fact showing personal involvement or some causal connection between REVEL's acts or omissions and any constitutional violation, plaintiff's claim, as based on his supervisory position, fails to state a claim of deliberate indifference. Moreover, to the extent plaintiff is attempting to assert a claim of negligence against this defendant, negligent medical care will not support a claim under

section 1983. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Consequently, plaintiff's allegations fail to state a claim against defendant REVEL on which relief can be granted.

Lastly, by his allegation, that he was wrongly classified and raped after filing cause nos. 2:08-CV-0153 and 2:08-CV-0185[7], plaintiff appears to attempt to claim retaliation. Plaintiff has not identified any defendant who retaliated against him nor has he made any factual allegation to support a claim of retaliatory intent. Conclusory allegations of retaliation are not sufficient; the plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Moreover, causation requires the plaintiff show that but for the retaliatory motive, the adverse act would not have occurred. *McDonald*, 132 F.3d at 231. Any claim of retaliation is conclusory and fails to state a claim of retaliation.

The Court does not condone physical assaults against inmates, but that does not mean an inmate who has been attacked has necessarily suffered a federal constitutional violation cognizable in a lawsuit. It is not enough that plaintiff was attacked. He cannot sue on a theory of *res ipsa loquitur*, and plaintiff may not pursue a cause of action against individual defendants against whom he has not alleged sufficient facts to show deliberate indifference.

---

[7] See the second page of the hand-printed attachment to plaintiff's original complaint at paragraphs 4) and 5).

9

# CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff STEVE GREEN be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 1st day of February, 2010.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to

timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).