IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| STEVE GREEN, PRO SE, § | | |
| also known as § | | |
| STEVE O'NEAL GREEN, § | | |
| TDCJ-CID No. 1436873, § | | |
| Previous TDCJ-CID No. 1153675, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:09-CV-0147 | |
| § | | |
| Unit Health Authority DR. NFN REVEL, § | | |
| Classification Chief M. HOLLIGAN, § | | |
| Senior Warden NFN ADAMS, § | | |
| and Assistant Warden NFN BAKER, § | | |
| § | | |
| Defendants. § | | |

**ORDER OF DISMISSAL**

Plaintiff STEVE GREEN, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed *in forma pauperis*.

On February 1, 2010, a Report and Recommendation was issued by the United States Magistrate Judge analyzing plaintiff's claims and recommending dismissal with prejudice as frivolous and for failure to state a claim on which relief can be granted.

On February 8, 2010, plaintiff filed his Objections. In his Objections, as in his complaint, the gravamen of plaintiff's claim is that "classification" should have been placed on notice that he was in danger when an Officer Maxie pulled plaintiff's cellmate out and took him to the Sergeant for threatening plaintiff and plaintiff told the Sergeant his cellmate was much heavier than plaintiff was. Plaintiff says the Sergeant responded to his complaint about his cellmate's size by telling

plaintiff weight differences "should be taken up through classification." Plaintiff does not allege he ever informed anyone in Classification of any problem before the attack nor does he allege any of the defendants had actual knowledge of facts indicating he was in substantial risk of serious harm. Plaintiff's allegations state a classic claim of negligence based on *respondeat superior* liability by the named defendants, not deliberate indifference. *See Davidson v. Cannon,* 474 U.S. 344, 347-48, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); *Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir.1990).

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the Objections filed by the plaintiff.

The Court is of the opinion that the objections of the plaintiff should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that the Civil Rights Claims are DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

IT IS SO ORDERED.

SIGNED AND ENTERED this 19th day of February, 2010.

/s/ Mary Lou Robinson  
MARY LOU ROBINSON  
UNITED STATES DISTRICT JUDGE